BRADLEY R. KERNAGHAN, Appellant, v. GREAT SOUTHWEST FIRE INSURANCE COMPANY et al., Respondents.

Third Department, December 1, 1971.

*Romolo Versaci* for appellant.

*Friedman, Ladd & Maksail* (*George A. Maksail* of counsel), for respondents.

COOKE, J.  This is an appeal from an order of the Supreme Court at Special Term, entered June 22, 1971 in Schenectady County, which granted a motion by defendants Great Southwest Fire Insurance Company, Allegheny Mutual Casualty Company and Ambassador Insurance Company for summary judgment dismissing the complaint against them.

Plaintiff, the owner of a building in Schenectady damaged by fire on April 28, 1969, was insured at said time by the four defendants for $30,000.  In this suit to collect on the four policies, defendants, except for Rockland Mutual Insurance Company whose policy did not contain the warranty in question, sought summary judgment on the ground that plaintiff breached a warranty in each of movants' policies which required that additional insurance with a respective specified company be in full force and effect at the time the policies were issued and at the time the loss occurred.

Great Southwest's policy for $15,000 contained a warranty indorsement wherein plaintiff acknowledged that said defendant had not independently underwritten the risk covered and that the policy was issued upon the warranty made that there was in full force and effect a policy with Allegheny for $10,000, whereas the Allegheny policy was for only $5,000.  Allegheny's policy, issued on August 5, 1968 for $5,000, contained the same warranty form and required a policy with the Jefferson Insurance Company and on said date there was such a policy in the name of plaintiff and another, but it was not in effect on the loss date.  Ambassador's policy issued August 1, 1968 for $5,000 also had the same warranty form, required $5,000 coverage with the Buffalo Insurance Company and on said date there was such a policy in the name of plaintiff and another, but same was not in effect on the date of loss.  Rockland's policy was for $5,000.  Thus, on the date of loss, there was in effect more additional coverage than required under each of said three policies and, although the total additional coverage as required amounted to $25,000, plaintiff had in full force and effect policies totaling $30,000.

Under section 150 of the Insurance Law, "no breach of warranty shall avoid an insurance contract or defeat recovery thereunder unless such breach materially increased the risk of loss, damage or injury within the coverage of the contract" and the term "warranty", as used therein, is declared to mean

'' any provision of an insurance contract which has the effect of requiring, as a condition precedent of the taking effect of such contract or as a condition precedent of the insurer's liability thereunder, the existence of a fact which tends to diminish, or the non-existence of a fact which tends to increase, the risk of the occurrence of any loss, damage, or injury within the coverage of the contract ''.

The indorsements did not limit the amount of additional insurance permitted and plaintiff had more than the minimum required on the date of the loss. The only deviation from the warranty indorsements was that the companies as named did not provide coverage as specified, there having been replacements, so that the minimum was satisfied. Thus, there has been no showing of a material breach. Insurance companies doing business in the State, unless exempted (see 29 N. Y. Jur., Insurance, § 102), are required to be licensed (Insurance Law, § 40, subd. 1), a company's financial stability is scrutinized by the Superintendent of Insurance (e.g., Insurance Law, §§ 28, 29, 96) and stock and mutual fire insurance companies are required to deposit securities to guarantee the performance of their obligations (e.g., Insurance Law, § 48, subd. 9; §§ 98, 103, 104; § 341, subd. 1; § 344, subds. 2 and 3; § 354, subds. 2 and 3). Judicial notice may be taken of the Insurance Law requirements and, in the absence of any contrary showing, the companies involved are prima facie of comparably adequate financial stability.

The order should be reversed, on the law, and moving defendants' application for summary judgment denied, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Order reversed, on the law, and moving defendants' application for summary judgment denied, without costs.